IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MANUEL MARTINEZ BENITEZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | **CAUSE NO. EP-25-CV-653-KC** |
| **TODD M. LYONS et al.,** | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered the case. Manuel Martinez Benitez filed a Petition for a Writ of Habeas Corpus, ECF No. 1. In answer to the Court's Show Cause Order, ECF No. 3, Respondents filed their Response, ECF No. 4, in opposition.

Respondents argue that Martinez Benitez's detention "is lawful" because they have "[t]he authority to detain aliens after entry of a final order of removal." Resp. 2. They argue that Martinez Benitez "cannot show 'good reason' to believe that removal is unlikely in the reasonably foreseeable future" and, even if the burden shifted to Respondents, "removal is likely in the foreseeable future as ICE is still attempting to locate a third country that will accept Petitioner." *Id.* at 3, 5.

Even though Martinez Benitez cannot be removed to his native El Salvador pursuant to his grant of deferral of removal under the Convention Against Torture ("DCAT"), Respondents argue that "nothing prevents [them] from removing Petitioner to a third country." *Id.* at 1. In support, Respondents submit the Declaration of Assistant Field Office Director Angelo C. Garite, ECF No. 4-1. Garite states that "ERO El Paso does except to effectuate Martinez Benitez's removal in the reasonably foreseeable future, depending on acceptance from a third

country." *Id.* ¶ 13.  It appears that Respondents attempted to remove Martinez Benitez to Mexico, but he "refused to sign and depart from his assigned housing unit and stated he is not willing to be removed to Mexico." *Id.* ¶ 12.  According to Garite, "ERO El Paso continues to coordinate with its countries in the region that would accept Martinez Benitez." *Id.* ¶ 13.

Generally, when a noncitizen is ordered removed from the United States, removal should generally occur within ninety days of entry of a final removal order.  8 U.S.C. § 1231(a)(1)(A), (B).  During this removal period, "the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).  The removal period may be extended in at least three circumstances.  Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained.  Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal.  *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  This period is presumptively six months. *Id.* at 701.  After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

To date, Martinez Benitez has been in ICE custody for over seven months since his removal order became final, and a total of twenty-eight months since he was first detained. Pet. ¶ 32. Thus, the presumptively reasonable period of detention under *Zadvydas* has expired, and Martinez Benitez must show there is no significant likelihood of his removal in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *see also Hernandez-Esquivel v. Castro*, No. 5:17-cv-564-RBF, 2018 WL 3097029, at *5 (W.D. Tex. June 22, 2018). If he can do this, then the Respondents must rebut the showing or release him. Martinez Benitez states that his removal is unlikely in the reasonably foreseeable future because he cannot be removed to El Salvador and no third country will accept him. Pet. ¶¶ 36–37.

At this juncture, the Court is inclined to find that Martinez Benitez has carried his initial *Zadvydas* burden and it is Respondents burden to show that there is a "significant likelihood of removal in the reasonably foreseeable future." *See id.* at 5 (quoting *Zadvydas*, 533 U.S. at 689–90. Respondents cannot remove Martinez Benitez to El Salvador, and it appears they cannot remove him to Mexico, either. Respondents do not indicate that they have taken any concrete steps in furtherance of his removal to any other country.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than January 30, 2026**, detailing the status of their third country removal efforts, including, but not limited to, whether any requests for travel documents have been made with other countries on Martinez Benitez's behalf and whether, when, and to which countries any additional requests will be sent.

**Respondents are cautioned that failure to provide the Court with concrete and responsive information that goes to the likelihood of Martinez Benitez's removal may result in an order directing his release from custody.**

**SO ORDERED.**

SIGNED this 23rd day of December, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE