IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MANUEL MARTINEZ BENITEZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | **CAUSE NO. EP-25-CV-653-KC** |
| **TODD M. LYONS et al.,** | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On this day, the Court considered Manuel Martinez Benitez's Motion to Enforce Judgment ("Motion"), ECF No. 8. On December 23, 2025, the Court ordered Respondents to show cause why Martienz Benitez's Petition for a Writ of Habeas Corpus, ECF No. 1, should not be granted and prohibited Respondents from transferring Martinez Benitez outside the District "unless [he] is lawfully removed from the United States to a country other than El Salvador consistent with his DCAT grant." Show Cause Order 4, ECF No. 3. And, upon review of Respondents' Response, ECF No. 4, and subsequent Status Report, ECF No. 6, the Court granted in part Martinez Benitez's Petition for a Writ of Habeas Corpus and ordered Respondents to either (1) remove him from the United States through lawful means, or (2) release him from custody under reasonable conditions of supervision, by February 17. Feb. 3, 2026, Order 3, ECF No. 7.

Eight days before that deadline is set to elapse, Martinez Benitez filed this Motion. *See* Mot. He argues that Respondents have failed to comply with the Court's Orders because (1) he has been moved to Arizona, (2) "ICE [] told him that they did not care if he was afraid to be deported to Mexico and that they would send him to Mexico no matter what" and "that Mexico

would deport him to El Salvador," and (3) his counsel has been unable to schedule a legal visit with him and is unable to identify the facility in which he is currently detained. *See id.* at 1–2.

As for Martinez Benitez's transfer to Arizona, this Court's Show Cause Order allowed Martinez Bentiez to be transferred outside of the District for lawful removal from the United States. *See* Show Cause Order 4. It appears that Respondents have moved Martinez Benitez to Arizona in order to effectuate his removal to Mexico. *See* Mot. 1–2. As to the lawfulness of his removal, at this time, Martinez Benitez only offers speculation that he will be unlawfully removed to Mexico. *See generally id.* Although Martinez Benitez has not consented to removal to Mexico, it may be that the United States has an agreement with the Mexican government that would allow them to remove Martinez Benitez to that country without his consent. Martinez Benitez has not informed the Court otherwise. *See generally id.* And, although Martinez Benitez was told by ICE officers "that they did not care if he was afraid to be deported to Mexico," *see id.* at 1, this does not necessitate the conclusion that Martinez Benitez has not been, or will not be, provided with some form of reasonable fear screening before he is sent to Mexico against his will.

Moreover, the Court's February 3 Order, requiring Respondents to either *lawfully* remove Martinez Benitez or release him under reasonable conditions of supervision stands, and Respondents have until February 17 to comply with that Order. In the event that Martinez Benitez's speculations of unlawful removal become concrete or Martinez Benitez is removed in a manner he believes unlawful, he may inform the Court and renew his request for relief.

As for his counsel's ability to schedule a legal visit or contact him, neither Order requires this, and Martinez Benitez provides no authority that would permit the Court to enter such an order. *See generally* Show Cause Order; Feb. 3, 2026, Order.

Accordingly, the Court **ORDERS** that Martinez Benitez's Motion, ECF No. 8, is **DENIED**.

**SO ORDERED**.

**SIGNED** this 11th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE